# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-311-RJC-DSC

| | |
|---|---|
| DOUGLAS P. EHMANN, | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| | ) |
| DUKE ENERGY CAROLINAS LLC and | ) |
| JOSEPH R. KLUTZ III, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss," Doc. 3, filed July 12, 2019 and the parties' associated briefs, Docs. 9-10.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u> as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Amended Complaint as true, Plaintiff owns Lot 9 of Tranquil Cove Subdivision ("Ehmann Property") which borders the shoreline of Lake Norman. Lake Norman is a reservoir of water maintained by Duke Energy under license from the Federal Energy Regulatory Commission (FERC). The license issued to Duke Energy by FERC requires Duke to promulgate a Shoreline Management Plan ("SMP") for Lake Norman which incorporates Shoreline

Management Guidelines ("SMG"). The SMP and SMG are approved by FERC and subject to its authority. The SMP and SMG allow Duke Energy to issue permits for docks and other recreational facilities on Lake Norman.

After purchasing the Ehmann Property, Plaintiff applied for a Private Facilities Permit to build a dock. On January 7, 2008, Duke Energy approved the application and issued the permit. Thereafter, Plaintiff constructed a dock extending into and over the lands and water of Lake Norman. In November 2018, Plaintiff's landscaping crew inadvertently cut a tree near the shoreline and trimmed another tree. On December 11, 2018, Duke Energy revoked Plaintiff's permit, ruled the property be sterilized for five years during which no permit could be requested, and ordered Plaintiff to remove the dock.

Duke Energy informed Plaintiff that the permit was being revoked because removal of trees and vegetation "within the Project Boundaries of Lake Norman is a violation of the Duke Energy-Shoreline Management Guidelines (SMG)." Doc.1 at ¶ 18, Ex. B. Duke Energy further advised Plaintiff that he must submit a restoration plan "detailing how [Plaintiff] will restore the Project Boundaries back to its original condition" and that the "applicable penalty for this specific violation includes the removal of the pier/dock from Project property and the loss of consideration for lake use permitting activities for five (5) years, subject to successful plant restoration." Id. Plaintiff submitted a restoration plan which Duke Energy rejected because it did not include removal of the dock. Despite revocation of the permit, Plaintiff has refused to remove the dock.

Plaintiff claims that Duke Energy, through its employee Kluttz, improperly "demanded a hold on any building permit for the Ehmann Property" issued by "the appropriate authorities in Mecklenburg County, North Carolina" and/or "plac[ed] a hold on any building permits for the Ehmann Property." Plaintiff also alleges that Duke Energy and Kluttz are "without any authority

whatsoever" to demand that Mecklenburg County place such a hold on any building permits. (Id.) Plaintiff claims that this purported communication with unidentified Mecklenburg County "authorities" interfered with a contract he entered into with a builder in January 2019 to construct a house on his property.

On June 7, 2019, Plaintiff filed his Complaint in Mecklenburg County Superior Court. He asserted claims against Duke Energy for declaratory judgment, breach of fiduciary duty, breach of contract, and unfair and deceptive trade practices. He also asserted a claim for interference with contract against Duke Energy and Kluttz, individually and as an employee of Duke Energy. On July 5, 2019, Defendants removed the case to this Court.

Defendants filed the instant Motion to Dismiss on July 12, 2019 seeking dismissal of Plaintiff's claims for breach of fiduciary duty, breach of contract, interference with contract and unfair and deceptive trade practices pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true); see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 F. App'x 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### III. DISCUSSION

**A. Abandoned Claims-Breach of Fiduciary Duty and Interference with Contract**

Plaintiff's Response, Doc. 9, contains no mention of his claims for breach of fiduciary duty or interference with contract. Defendants have moved to dismiss these claims. Because Plaintiff failed to respond to Defendants' arguments for dismissal, he is deemed to have abandoned these claims. Consequently, these claims must be dismissed. See, e.g., Mountain Land Properties, Inc. v. Lovell, 46 F. Supp. 3d 609, 621 (W.D.N.C. 2014) ( because plaintiffs failed to respond to defendant's arguments for dismissal of two causes of action, "the Court deems Plaintiffs to have waived any opposition to the dismissal of these two claims"); T.W.T. Distrib., Inc. v. Johnson Prod. Co., 966 F. Supp. 2d 576, 579 (W.D.N.C. 2013) (finding that plaintiff's failure to respond to defendant's arguments for dismissal of promissory estoppel claim in the plaintiff's "Memorandum of Law in Opposition" to the defendant's motion to dismiss warranted finding that

the claim was "deemed abandoned" and should be dismissed); J & P Dickey Real Estate Family Ltd. P'ship v. Northrop Grumman Guidance & Elecs. Co., No. 2:11CV37, 2012 WL 925015, at *3 (W.D.N.C. Mar. 19, 2012) (finding plaintiffs waived opposition to dismissal of claims by failing to respond to arguments raised in defendant's motion to dismiss).

Additionally, since Kluttz was named only in Plaintiff's claim for interference with contract, he should be dismissed entirely as a Defendant. In Plaintiff's Response, he appears to assert that he also brought a UDTPA claim against Kluttz. In footnote 3 on page 5 of Plaintiff's Response, Doc. 9, Plaintiff states:

> While Defendants do not make any argument in [Defendants' Supporting Memorandum] that the [UDTPA] claim should be dismissed as to Joseph R. Kluttz, III individually – focusing entirely on dismissal as to Duke – Ehmann stated the claim as to both Duke and Kluttz. See Compl. ¶ 25, 44.

Doc. 9. This assertion is contradicted by the allegations in Plaintiff's Complaint.

In Plaintiff's general "Factual Allegations," paragraph 25 of the Complaint states that "Duke and Kluttz's action placing a hold on any building permits for the Ehmann Property is completely unjustified, unauthorized, malicious, and an unfair business practice on the part of Duke and Kluttz." Doc.1-1 at ¶ 25. However, in Paragraph 4 of the Complaint, Plaintiff lists the causes of action and identifies which claims are asserted against each Defendant. With regard to the UDTPA claim, Plaintiff states this claim is "on the part of Duke." Doc. 1-1 at ¶ 4. Consistent with Paragraph 4, under Plaintiff's "Fifth Cause of Action" for alleged "Unfair and Deceptive Practices," the alleged violation of the UDTPA is asserted **solely against Duke Energy**. Reading Plaintiff's Complaint fairly and as a whole, the Court finds that Plaintiff has failed to allege a UDTPA claim against Kluttz and he should be dismissed from the case.

    B. <u>Breach of Contract Claim</u>

Plaintiff claims that Duke Energy "breached its contractual permit obligations" to him. Doc. 1-1 at ¶ 39. To state a claim for breach of contract under North Carolina law, a plaintiff must allege facts showing (1) the existence of a valid contract and (2) breach of the terms of the contract. McCabe v. Abbott Labs., Inc., 47 F. Supp. 3d 339, 345 (E.D.N.C. 2014). "A contract is the agreement of two minds—the coming together of two minds on a thing done or to be done." Shepard v. Bonita Vista Properties, L.P., 664 S.E.2d 388, 397 (N.C. App. 2008). "A contract, express or implied, requires assent, mutuality, and definite terms." Schlieper v. Johnson, 672 S.E.2d 548, 553 (N.C. App. 2009). "There is no contract unless the parties assent to the same thing in the same sense." Williams v. Jones, 366 S.E.2d 433, 438 (N.C. 1988).

Plaintiff argues that the January 7, 2008 letter from a Duke Energy Lake Services Representative, which he attached as "Exhibit A" to his Complaint (Doc. 1-1 at p. 16), plainly establishes such mutual assent. Plaintiff characterizes the letter as granting him a "valuable property right" that Duke Energy has "unfairly revoked," and is "in direct contravention of the agreement memorialized in the Letter of Acceptance." Doc. 9 at p. 4.

The Court finds that this letter is not a contract in either form or substance. It contains none of the terms or promises Plaintiff now claims Duke Energy has breached. This letter merely informed Plaintiff that his permit application had been approved and that he could proceed with construction of the dock within the parameters stated in the letter. Nothing in the letter grants Plaintiff any property rights or right to use the dock indefinitely or without any conditions or restrictions. Additionally, nothing in the letter prohibits Duke Energy from revoking the permit at any time for any reason or requiring Plaintiff to remove the dock from its property. See Doc. 1-1, Ex. A. While Plaintiff alleges the existence of a "contractual relationship" based upon the letter, no such agreement was entered into between Plaintiff and Duke Energy. See Schlieper, 672 S.E.2d

at 553 (holding that "[t]he trial court may reject allegations that are contradicted by documents attached to the complaint"). Consequently, Plaintiff has failed to allege a breach of contract claim and the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

### C. UDTPA Claim

In his Fifth Cause of Action, Plaintiff claims that Duke Energy's actions "constitute unfair or deceptive practices in or affecting commerce" in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (UDTPA). Doc. 1-1 at ¶ 46. Defendants argue that Plaintiff's UDTPA claim fails as a matter of law because the alleged actions of Duke Energy are not "in or affecting commerce."

North Carolina General Statute § 75 1.1(a) provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." The issue of what constitutes an unfair or deceptive trade practice is a matter of law. See L.C. Williams Oil Company, Inc. v. Exxon Corp., 625 F.Supp. 477, 482 (M.D.N.C. 1985); Noble v. Hooters of Greenville LLC, 681 S.E.2d 448, 452 (N.C. App. 2009); Boyd v. Drum, 501 S.E.2d 91, 97 (N.C. App. 1998).

To assert an actionable tort claim under the UDTPA, a claimant must prove: (1) an unfair or deceptive act, (2) in or affecting commerce, (3) which proximately caused injury to the claimant or his business. N.C. Gen. Stat. § 75-1.1; Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers ... [and] is deceptive if it has the capacity or tendency to deceive." Marshall v. Miller, 276 S.E.2d 397, 403 (N.C. 1981). See also Rahamankhan Tobacco Enterprises Pvt. Ltd. v. Evans, 989 F.Supp.2d 471, 477 (E.D.N.C.

2013); McDonald Bros. v. Tinder Wholesale, LLC, 395 F. Supp. 2d 255, 269 (M.D.N.C. 2005); Carcano v. JBSS, LLC, 684 S.E.2d 41, 50 (N.C. App. 2009).

The UDTPA defines "commerce" to include "all business activities, however denominated . . . ." N.C. Gen. Stat. § 75-1.1(b). North Carolina courts define the phrase "in or affecting commerce" to mean that it has an impact on the marketplace. Miller v. Ensley, 365 S.E.2d 11, 13 (N.C. App. 1998). In White v. Thompson, 691 S.E.2d 676 (N.C. 2010), the North Carolina Supreme Court explained that the purpose of UDTPA is "to achieve fairness in dealings between individual market participants." Id. at 679. The UDTPA is not focused on the internal conduct of individuals within a single business, but rather it applies to interactions between market participants. Id. at 680. UDTPA acts to "regulate two types of interactions in the business setting: (1) interactions between businesses, and (2) interactions between businesses and consumers." Id.

The Court finds that the issuance of a permit to construct a dock on Lake Norman is not "in or affecting commerce" nor is Duke Energy's revocation of such permit an "unfair act or practice." Plaintiff is not a consumer who purchased anything from Duke Energy. Rather, Plaintiff applied for a permit which Duke Energy was authorized to issue pursuant to its FERC license-a fact that Plaintiff admits in his Complaint. Doc. 1-1 at ¶¶ 9-10. Accordingly, the undersigned respectfully recommends that Plaintiff's claim for unfair and deceptive trade practices be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss," Doc. 3, be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: September 3, 2019

David S. Cayer
United States Magistrate Judge