UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00311-RJC-DSC

| | |
|---|---|
| DOUGLAS P. EHMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| DUKE ENERGY CAROLINAS, LLC and ) | |
| JOSEPH R. KLUTTZ, III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, (Doc. No. 3), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 11).

I. BACKGROUND

Plaintiff Douglas P. Ehmann ("Plaintiff") owns a parcel of land in North Carolina that borders the shoreline of Lake Norman, a reservoir of water associated with the Catawba-Wateree Hydroelectric Project ("Project"). Defendant Duke Energy Carolinas, LLC ("Duke Energy") operates the Project under a license from the Federal Energy Regulatory Commission ("FERC"). As required by its FERC license, Duke Energy developed a Shoreline Management Plan ("SMP") and Shoreline Management Guidelines ("SMG") for the Project. The SMP and SMG allow Duke Energy to issue permits for docks and other recreational facilities on Lake Norman.

In 2007, Plaintiff applied for a Private Facilities Permit to build a dock along the shoreline of his property. On January 7, 2008, Duke Energy mailed to Plaintiff a

letter stating that his permit application was approved. The letter provided that construction of the dock must be completed as described in the approved application. Duke Energy was to be notified upon completion of construction, and a permit tag would be attached at final inspection. Plaintiff finished construction of the dock in 2008.

In November 2018, Plaintiff's landscaping crew inadvertently cut down a tree near the edge of Plaintiff's property within the Project boundaries. On December 11, 2018, Defendant Joseph R. Kluttz, III ("Kluttz"), a Duke Energy employee, sent an email to Plaintiff revoking the permit issued on January 7, 2008. The email stated that "[r]ecent activity" within the Project boundaries was a violation of the SMG and "[t]he applicable penalty for this specific violation includes the removal of the pier/dock from Project property and the loss of consideration for lake use permitting activities for five (5) years." (Doc. No. 1-1, at Ex. B.) The email directed Plaintiff to submit to Duke Energy an Engineered Restoration Plan detailing how Plaintiff would restore the Project boundaries to their original condition.

Plaintiff submitted to Duke Energy a restoration plan that included replacing the cut tree and planting additional trees. Duke Energy rejected the plan because it did not include a commitment to remove the dock.

On January 24, 2019, Plaintiff entered into a contract with Capote Builders and Development Company for the construction of a house on Plaintiff's property. Thereafter, Plaintiff sought a building permit from Mecklenburg County and was informed that Duke Energy and Kluttz demanded a hold on any building permit for

Plaintiff's property. Duke Energy informed Plaintiff that if he does not remove the dock, it will impose a "permanent sterilization" of Plaintiff's property.

Plaintiff filed a Complaint in the Superior Court of Mecklenburg County, North Carolina on June 7, 2019, and Defendants removed the action to this Court on July 5, 2019. Plaintiff asserts a claim against Kluttz for tortious interference with contract and claims against Duke Energy for a declaratory judgment, breach of fiduciary duty, breach of contract, tortious interference with contract, and unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1.

Defendants filed a motion under Rule 12(b)(6) to dismiss Plaintiff's claims for breach of fiduciary duty, breach of contract, tortious interference with contract, and unfair or deceptive acts or practices. In the M&R, the Magistrate Judge recommended that the Court grant the motion. Plaintiff timely filed objections to the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under

Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view

4

the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

III. DISCUSSION

Plaintiff objects to the M&R's conclusions as to Plaintiff's claims for breach of contract and unfair or deceptive acts or practices.

A.  Breach of Contract

Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 530 S.E.2d 838, 845 (N.C. Ct. App. 2000). A valid contract requires mutual assent, consideration, and terms that are sufficiently definite to enable a court to enforce them. Triad Packaging, Inc. v. SupplyONE, Inc., 925 F. Supp. 2d 774, 789 (W.D.N.C. 2013); Cole v. Champion Enters., 496 F. Supp. 2d 613, 621 (M.D.N.C. 2007). To state a claim for breach of contract, plaintiff must allege a contractual obligation that has not been fulfilled by defendant. Tasz, Inc. v. Indus. Thermo Polymers, Ltd., 80 F. Supp. 3d 671, 681 (W.D.N.C. 2015).

Plaintiff alleges that issuance of the permit created a "contractual relationship" between Duke Energy and Plaintiff, and Duke Energy breached its contractual permit obligations by revoking the permit without good cause. The M&R concluded that the letter approving Plaintiff's permit application is insufficient to plead the existence of a valid contract.

Plaintiff objects to the M&R's finding that the Complaint fails to allege a valid contract, arguing that Plaintiff's permit application was an offer and Duke Energy

5

accepted the offer on January 7, 2008 when it approved the permit application. Plaintiff further argues that the permit was issued pursuant to the SMG, and the January 7, 2008 approval letter and the SMG establish the mutual rights and obligations of Plaintiff and Duke Energy in sufficiently definite terms. Plaintiff attaches the SMG to his objections and points to its provisions regarding violations. For "unauthorized major cutting of the vegetated area" within the Project boundaries, the penalty is removal of the dock from Project property, restoration, and loss of lake use permitting activities for up to five years depending on severity and subject to successful plant restoration. (Doc. No. 1-2, at C-54.) This is the penalty Duke Energy imposed on Plaintiff here. For "unauthorized minor cutting of trees within the vegetated area" within the Project boundaries, the penalty is restoration. (Doc. No. 1-2, at C-54.) Plaintiff argues that his violation constitutes unauthorized minor cutting, the penalty for which is only restoration, not removal of the dock. Plaintiff thus argues that Duke Energy breached its contract with Plaintiff by imposing a penalty that was not authorized by the SMG.

Although styled as Plaintiff's objections to the M&R, such objections are actually new factual allegations. The Complaint does not allege that the SMG establishes Plaintiff's and Duke Energy's rights and obligations, as Plaintiff contends in his objections. Nor does the Complaint allege that Plaintiff's conduct in cutting down one tree constitutes unauthorized minor cutting, rather than unauthorized major cutting, and Duke Energy breached the contract by imposing a penalty that was not authorized by the SMG. In fact, the Complaint does not refer to a single term

of the SMG. Instead, the Complaint alleges that "a contractual relationship" was created by issuance of the permit and Duke Energy breached its "contractual permit obligations" by revoking the permit without good cause. Such vague allegations, without more, are insufficient to survive a Rule 12(b)(6) motion to dismiss. The Complaint lacks facts to support the existence of a valid contract with sufficiently definite terms. The Complaint further fails to allege a contractual obligation that Duke Energy failed to fulfill. It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss," Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004), and thus the new allegations raised in Plaintiff's objections cannot save the breach of contract claim. Therefore, the Court dismisses Plaintiff's breach of contract claim without prejudice.

### B. Unfair or Deceptive Acts or Practices

A claim for unfair or deceptive acts or practices under N.C. Gen. Stat. § 75-1.1 requires "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." Walker v. Fleetwood Homes of N.C., Inc., 653 S.E.2d 393, 399 (N.C. 2007). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Hills Mach. Co., LLC v. Pea Creek Mine, LLC, 828 S.E.2d 709, 716 (N.C. Ct. App. 2019) (quoting Marshall v. Miller, 276 S.E.2d 397, 403 (N.C. 1981)). "[A] practice is deceptive if it has the capacity or tendency to deceive." Walker, 653 S.E.2d at 399 (alteration in original) (quoting Marshall, 276 S.E.2d at 403). "The determination as to whether an

7

act is unfair or deceptive is a question of law for the court." Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001).

The M&R concluded that revocation of a permit to construct a dock is not an unfair act or practice. Plaintiff argues that Duke Energy committed unfair and deceptive acts when it caused Mecklenburg County to put a hold on any building permit for Plaintiff's property and when it threatened Plaintiff that if he does not remove the dock, Duke Energy will impose a permanent sterilization on the property.

These alleged acts are neither deceptive nor do they rise to the level of being immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Therefore, Plaintiff fails to allege an unfair or deceptive act or practice, and the Court dismisses this claim with prejudice.

### C. Remaining Claims

Plaintiff does not object to the M&R's conclusions as to Plaintiff's claims for breach of fiduciary duty and tortious interference with contract. As a result, Plaintiff has waived his right to de novo review of the M&R's conclusions as to these claims. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After review of the M&R and the entire record, the Court determines that the Magistrate Judge's recommendation as to Plaintiff's claims for breach of fiduciary duty and tortious interference with contract is fully consistent with and supported by current law. The Court dismisses these claims with prejudice.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 11), is **ADOPTED**; and

2. Defendants' Motion to Dismiss, (Doc. No. 3), is **GRANTED**. Plaintiff's claim for breach of contract is **DISMISSED without prejudice** and Plaintiff's claims for unfair or deceptive acts or practices, breach of fiduciary duty, and tortious interference with contract are **DISMISSED with prejudice**.

Signed: February 27, 2020

Robert J. Conrad, Jr.
United States District Judge