UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00311-RJC-DSC

| DOUGLAS P. EHMANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DUKE ENERGY CAROLINAS, LLC, and JOSEPH R. KLUTTZ, III, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on "Defendants' Motion to Dismiss," (Doc. No. 22), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 29).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6)

'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.  Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 93–94 (2007).  Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed."  Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014).  Furthermore, the court "should view the complaint in a light most favorable to the plaintiff."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

Plaintiff objects to the M&R's conclusion as to Plaintiff's claim for breach of contract

(Doc. Nos. 31–32).

A. **Breach of Contract**

Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 530 S.E.2d 838, 845 (N.C. Ct. App. 2000). A valid contract requires mutual assent, consideration, and terms that are sufficiently definite to enable a court to enforce them. Triad Packaging, Inc. v. SupplyONE, Inc., 925 F. Supp. 2d 774, 789 (W.D.N.C. 2013); Cole v. Champion Enters., 496 F. Supp. 2d 613, 621 (M.D.N.C. 2007). To state a claim for breach of contract, plaintiff must allege a contractual obligation that has not been fulfilled by defendant. Tasz, Inc. v. Indus. Thermo Polymers, Ltd., 80 F. Supp. 3d 671, 681 (W.D.N.C. 2015).

This Court previously found that the January 7, 2008 letter ("letter") approving Plaintiff's dock permit request did not create a contractual relationship between the parties, (Doc. No. 16), and dismissed Plaintiff's breach of contract claim without prejudice.

Under the law of the case doctrine, a court's decision will "continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). In particular, "earlier decisions of a court become law of the case and must be followed unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would manifest injustice." Yates v. Ford Motor Co., 143 F. Supp.3d 386, 388 (E.D.N.C. 2015) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

Here, Plaintiff filed an Amended Complaint alleging that the letter ***and*** the SMG created

3

a contract between the parties. The Amended Complaint does not raise any substantially different evidence regarding the letter. Nor does it cite any new controlling authority. This Court's previous determination that the letter was not a contract is the law of the case here.

The Court also finds that the SMG combined with the letter is not a contract. The SMG is included within the SMP. The SMP is a federally mandated document for the comprehensive management of shoreline activities on Lake Norman. The SMG includes guidelines subject to FERC's authority allowing Duke Energy to issue permits for docks and other recreational facilities on Lake Norman. Plaintiff did not negotiate or sign the SMG. Those guidelines were already in place at the time he received his permit. Thus, SMG in combination with the letter is not a contract between Plaintiff and Duke Energy.

Even assuming, *arguendo*, there was a contract created by the letter, the SMG would not be included in the contract. The SMG is not referenced in the letter. Nor does Plaintiff allege facts showing a meeting of the minds between the parties sufficient to establish the SMG as terms in the contract. Accordingly, even if a contractual relationship arose from the letter, the SMG terms, from which Plaintiff alleges breach of contract, would not be included.

Consequently, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's breach of contract claim is **DISMISSED with prejudice**. Plaintiff's sole remaining claim for declaratory judgment is **DISMISSED as moot** in light of the above finding. As Plaintiff has no more claims remaining, Defendants' outstanding Motion for Summary Judgment is **DENIED as moot** and the Clerk is instructed to terminate these proceedings.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 29), is **ADOPTED**; and

4

2. Defendants' Motion to Dismiss, (Doc. No. 22), is **GRANTED**. Plaintiff's claim for breach of contract is **DISMISSED with prejudice**.

3. Plaintiff's claim for declaratory judgment is **DISMISSED as moot**;

4. Defendants' Motion for Summary Judgment, (Doc. No. 38), is **DENIED as moot**; and

5. The Clerk is instructed to terminate these proceedings.

Signed: August 25, 2021

Robert J. Conrad, Jr.
United States District Judge